### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH GUADAGNOLI,** | * | |
| *Petitioner*, | * | |
| v. | * | Civil Action No. RWT-15-1763 |
| | | Criminal No. RWT-13-0363 |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent*. | * | |
| | * | |

### MEMORANDUM OPINION

Joseph Guadagnoli filed this Motion to Vacate under 28 U.S.C. § 2255 because he claims his trial attorney failed to file a notice of appeal, despite Guadagnoli's request to do so. The Court held an evidentiary hearing to determine whether Guadagnoli made the request. Because this Court finds that Guadagnoli did not instruct his attorney to file a notice of appeal, Guadagnoli's Motion shall be denied.

### I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

On December 8, 2014, and pursuant to a Rule 11(c)(1)(C) plea agreement, the Court sentenced Joseph Guadagnoli to 180 months incarceration after he pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 1,000 Kilograms or More of Marijuana in violation of 21 U.S.C. § 846 and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c). ECF No. 55. No notice of appeal was filed.

On June 15, 2015, Guadagnoli filed a Motion to Vacate under 28 U.S.C. § 2255, asking the Court to vacate his sentence and re-sentence him so that he could file a timely notice of appeal. ECF No. 61. In his motion, Guadagnoli claimed that he asked his attorney to file a

notice of appeal based on two issues decided against him during sentencing: (1) whether Guadagnoli should receive a thirteen month credit on his sentence and (2) whether a 2007 conviction should have been considered part of the instant offense rather than being used to assign Guadagnoli career offender status. *Id.* at 3. Guadagnoli admitted that the career offender status would not have changed his sentence, but argued that it impacted his placement within the Bureau of Prisons and eligibility for programs. *Id.* Guadagnoli submitted a sworn affidavit asserting that he instructed his attorney, Edward Sussman, to file a notice of appeal. ECF No. 61-2, at 1. The Government submitted an affidavit from Sussman, asserting that he advised Guadagnoli he had no basis for an appeal and that Guadagnoli never instructed him to file an appeal. ECF No. 70-3, at 2.

The Court held an evidentiary hearing to resolve the dispute. Guadagnoli testified that after his sentencing, he and Sussman discussed the prospect of appealing and the fact that Guadagnoli had waived his right to appeal anything other than an illegal sentence. *See* Hearing Rec'g at 2:22–2:28 (May 2, 2016). He further testified that Sussman explained why an appeal would be futile and that he faced much more time if he breached his plea agreement by filing an appeal, but that he still instructed Sussman to file a notice of appeal. *Id.* at 2:31–2:31, 2:36.

Sussman testified that before the sentencing he told Guadagnoli about the rights he was waiving in his plea, including the right to appeal anything other than an illegal sentence. *Id.* at 2:48. Sussman also testified that after the sentencing, he advised Guadagnoli that he had nothing to appeal and Guadagnoli said nothing further about an appeal. *Id.* Sussman stated that had Guadagnoli asked him to file a notice of appeal, he would have done so, adding that he had filed notices of appeal in many cases in which the defendants had no legal basis for an appeal, but had instructed him to file the notice regardless. *Id.* at 2:49.

## II.   LEGAL STANDARDS AND ANALYSIS

### a.  *Strickland* as Applied to Notice of Appeals

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that "counsel's performance was deficient" and that "deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  When considered in the context of filing a notice of appeal, this analysis involves several steps.  First, whether the defendant expressly instructed counsel to file a notice of appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  If there is no allegation that the defendant expressly instructed counsel to file a notice of appeal, the next question is whether counsel consulted with the defendant about an appeal.  *Id.*  "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.*

### a.  Express Instructions to Appeal

The Court finds as a fact that Guadagnoli did not instruct Sussman to file a notice of appeal and that his testimony is simply not credible.  He could not explain when in the course of his conversation with Sussman he told him to file a notice of appeal or why he would choose to risk his significantly reduced sentence by appealing merely because he was disappointed with rulings that did not affect the length of his sentence.  *See* Hearing Rec'g at 2:36–38.  By contrast, the Court finds it highly unlikely that Sussman, an experienced defense attorney, would disregard a direct instruction to file a notice of appeal.  Indeed, as Sussman testified, he would have been compensated through the appeal, so he had an incentive to comply with Guadagnoli's request had it been made.  *See id*. at 2:49.  Because Guadagnoli never instructed Sussman to file a notice of appeal, Guadagnoli is not entitled to vacate his sentence on this ground.  *Compare*

*Flores-Ortega*, 528 U.S. at 477 ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)) (internal quotation marks omitted)); *United States v. Wright*, 538 F. App'x 237 (4th Cir. 2013) ("[C]ounsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance." (citing *United States v. Peak*, 992 F.2d 39, 41–42 (4th Cir. 1993))).

### b.  Consultation

In a supplemental brief, Guadagnoli argued that even if he did not expressly instruct Sussman to file a notice of appeal, his motion should still be granted because Sussman failed to adequately consult with him about an appeal. ECF No. 76, at 8. "[A]n attorney's duty to consult requires more than informing the defendant that he has the right to appeal. The term consult 'convey[s] a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to discover the defendant's wishes.'" *Frazer v. South Carolina*, 430 F.3d 696, 711 (4th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 478). "It is therefore inadequate to simply analyze whether [an attorney] discharged his duty to inform [a defendant] of his right to appeal; [an attorney] ha[s] a separate obligation to consult regarding an appeal as well." *Id.* at 709.

Based on the testimony during the evidentiary hearing, this Court finds that Sussman did consult with Guadagnoli.  Both Sussman and Guadagnoli testified that Sussman informed Guadagnoli before and after his sentencing about the likelihood of a successful appeal and that filing an appeal would risk the favorable sentence Guadagnoli received.  While it is possible the consultation could have been more extensive and included more about the substantial risk to filing an appeal, Sussman's consultation was sufficient to meet the standard of reasonable performance.  *See United States v. Cooper*, 617 F.3d 307, 315 (4th Cir. 2010) ("[T]he inquiry

under *Strickland* and *Flores–Ortega* is not whether counsel made the best decision in the circumstances, but whether he made a reasonable decision.").

### III.     Certificate of Appealability

Guadagnoli may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability.   *See* 28 U.S.C. § 2253(c) (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  A certificate of appealability will not issue unless Guadagnoli has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012); *Miller-El*, 537 U.S. at 337.  Under this standard, Guadagnoli must show that "jurists of reason could have resolved this claim differently."   *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (citing *Miller-El*, 537 U.S. at 336).   This Court has assessed the claim in Guadagnoli's § 2255 motion and it is deficient.  No reasonable jurist could find merit in the claim, and thus no certificate of appealability shall issue.

### CONCLUSION

For the foregoing reasons, Guadagnoli's Motion to Vacate under 28 U.S.C. § 2255, ECF No. 61, is denied. A separate order follows.


Date:  May 5, 2016                                                      /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE